FILED
2023 Aug-04 PM 05:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A


ELECTRONICALLY FILED
7/3/2023 2:33 PM
01-CV-2023-902285.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DANIEL BRIDGES, an individual, ) ) ) Plaintiff, ) ) v. ) ) OLD COUNTRY BBQ PITS, a company ) doing business in Alabama; ) MASON DIXON BBQ SERVICES, ) a company doing business in Alabama; ) and Buc-ee's Alabama II, LLC ) a/k/a Buc-ee's Alabama, LLC a/k/a ) Buc-ee's, Ltd., a limited liability company, ) ) | Case No.: |

No. 1, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries on the occasion made the basis of this action;

No. 2, whether singular or plural, that entity or those entities other than those entities described above, which is the successor-in-interest of any of those entities described above;

No. 3, whether singular or plural, that entity or those entities other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 4, whether singular or plural, that entity or those entities, that individual or whose individuals, other than those individuals and entities described above whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

No. 5, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

No. 6, whether singular or plural, that entity or those entities who or which designed, manufactured, distributed, assembled, sold or otherwise supplied the grill which is the subject of this lawsuit;

1

No. 7, whether singular or plural, that entity or those entities who or which had any responsibility for the defective and/or unreasonably dangerous condition of the grill which is the subject of this lawsuit;

No. 8, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered or repaired the grill which is the subject of this lawsuit;

No. 9, whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the grill which is the subject of this lawsuit;

No. 10, whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the grill which is the subject of this lawsuit;

No. 11, whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture, assembly and/or distribution of the grill which is the subject of this lawsuit;

No. 12, whether singular or plural, that entity or those entities who or which tested, inspected, approved or issued any approval of the grill which is the subject of this lawsuit;

No. 13, whether singular or plural, that entity or those entities who or which conducted safety inspections or analysis of or with reference to the grill which is the subject of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith and/or the design or manufacturing process of said grill including, but not limited to, the products liability insurance carrier for the manufacturer and/or distributor of the grill;

No. 14, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 15, whether singular or plural, that entity, other than those entities described above, which is the successor-in-interest of any of those entities described above;

No. 16, whether singular or plural, that entity or those entities who is the parent corporation of any of the named defendants described above;

2

**No. 17,** that entity(ies) or person(s) which designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill which is the subject of this lawsuit;

**No. 18,** that entity(ies) or person(s) which designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill which is the subject of this lawsuit;

**No. 19,** whether singular or plural, intending to refer to the true name or identity of that person, firm, corporation, or other entity or successor in interest who or which designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill which is the subject of this lawsuit;

**No. 20,** whether singular or plural, intending to refer to the true name or identity of that person, firm corporation, or other entity or successor in interest responsible for the defective and/or unreasonably dangerous condition of the grill which is the subject of this lawsuit—to include any component part thereof and/or any machines, safety devices, and/or attending equipment used or available for use therewith—which was in operation at the time and place of the occurrence made the basis of this lawsuit, or was otherwise involved in the occurrence made the basis of this lawsuit, and/or who or which otherwise violated the Alabama Extended Manufacturer's Liability Doctrine;

**No. 21,** whether singular or plural, intending to refer to the true name or identity of that person, firm, corporation, or other entity or successor in interest who or which failed to warn and instruct, or issued inadequate warnings or instructions regarding the use and operation of the grill which is the subject of this lawsuit—to include any component part thereof and/or any machines, safety devices, and/or attending equipment used or available for use therewith—which was in operation at the time and place of the occurrence made the basis of this lawsuit, or was otherwise involved in the occurrence made the basis of this lawsuit, and/or who or which otherwise violated the Alabama Extended Manufacturer's Liability Doctrine;

**No. 22,** whether singular or plural, intending to refer to the true name or identity of that person, firm, corporation, or other entity or successor in interest who or which warranted that the grill which is the subject of this lawsuit—to include any component part thereof and/or any machines, safety devices, and/or attending equipment used or available for use therewith—which was in operation at the time and place of the occurrence made the basis of this lawsuit, or was otherwise involved in the occurrence

3

made the basis of this lawsuit, was suitable for its intended use and who or which breached said warranty, and/or who or which otherwise violated the Alabama Extended Manufacturer's Liability Doctrine;

No. 23, whether singular or plural, intending or refer to the true name or identity of that person, firm, corporation, or other entity or successor in interest and whose negligence and/or wantonness, or the negligence and/or wantonness of which, proximately caused or contributed to cause the injuries and damages sustained by the Plaintiff on the occasion made the basis of this Complaint;

No. 24, that entity(ies) which is the successor-in-interest to one or more of the named or fictitiously described defendants.

No. 25, whether singular or plural, Plaintiff hereby intending to designate the company responsible for Plaintiff's injuries;

No. 26, whether singular or plural, Plaintiff hereby intending to designate the owner(s) of the company responsible for Plaintiff's injuries;

No. 27, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries on the occasion made the basis of this action;

No. 28, whether singular or plural, Plaintiff hereby intending to designate that entity or those entities who or which afforded any insurance coverage to the owners of the companies or individuals designated as defendants in this action on the date of this accident;

No. 29, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious party Defendants herein;

No. 30, whether singular or plural, that entity or those entities who or which was responsible for the injuries and damages suffered by the Plaintiff on the occasion of the occurrence made the basis of this lawsuit;

No. 31, whether singular or plural, that entity or those entities who were agents and/or employees of any Defendant named and/or described herein on the date of the occurrence made the basis of this lawsuit and who were responsible in any way for Plaintiff's injuries;

No. 32, whether singular or plural, that entity or those entities, that person or those persons who or which are the successor-in-interest of any Defendant named and/or described herein;

4

No. 33, whether singular or plural, that entity or those entities, that individual or those individuals, other than those entities and individuals described above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;

No. 34, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above;

No. 35, whether singular or plural, that entity or those entities who are the parent corporation of any of the named Defendants described above;

No. 36, whether singular or plural, that entity or those entities and/or that person or those persons who negligently or wantonly discarded, misplaced, disposed of, destroyed, concealed, or otherwise spoliated any evidence pertaining to any of the actions, events, persons, entities, or other facts relating to in any way and/or made the basis of this lawsuit;

No. 37, whether singular or plural, that person, company, corporation or entity which performed the work/service for the named defendants on the date in question.

The Defendants fictitiously described hereinabove are otherwise unknown to Plaintiff at this time. If their identities are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

**Defendants.**

## COMPLAINT

## FACTS

1. On or about July 4, 2021, Plaintiff, Daniel Bridges, was injured when a grill purchased on the same date at Defendant Buc-ee's Alabama II, LLC a/k/a Buc-ee's Alabama, LLC a/k/a Buc-ee's, Ltd. (hereinafter referred to as "Defendant Buc-ee's" or "Buc-ee's") place of business in Leeds, Alabama, rolled over his left leg/foot while he was placing it as his home, causing serious injury.

2. The grill in question was sold by Defendant Buc-ee's at their Leeds, Alabama location and was manufactured and distributed by Defendants Old Country BBQ Pits (hereinafter referred to as "Defendant Old Country BBQ" or "Old Country BBQ") and/or Mason Dixon BBQ Services (hereinafter referred to as "Defendant Mason Dixon" or "Mason Dixon".

5

## COUNT I

## NEGLICENCE, WILLFUL AND/OR WANTON ACTS AND BREACH OF WARRANTY AGAINST ALL DEFENDANTS

3. Plaintiff adopts and realleges all previous paragraphs of this complaint as if fully set out herein.

4. Defendants, including fictitious defendants, negligently and/or wantonly designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill in question (including any component parts thereof".

5. At the time of the incident, and for some time prior thereto, Defendants were engaged in the business of designing, manufacturing, selling, distributing and/or installing the grill involved in the incident made the basis of this lawsuit throughout the United States, including the State of Alabama, for use by the general public.

6. The defendants, during said time and for valuable consideration, designed, manufactured, sold, and/or distributed the grill which caused Plaintiff's injuries.

7. At the time and place of the injury, the grill was in substantially the same condition as when manufactured, sold, and/or distributed and was being used in a manner that was foreseeable. Said grill was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. The defendants knew, or in the exercise of reasonable care should have known, that the grill was unreasonably dangerous to the human body when being so used in a foreseeable manner.

8. Defendants expressly and/or impliedly warranted that the grill made the basis of this complaint was reasonably fit and suitable for the purposes for which it was intended to be used. Plaintiffs aver that Defendants breached said express and/or implied warranty in that the grill was not reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff further avers that, as a proximate result of the aforesaid breach of warranties by defendants, he was caused to be injured and damaged as described below.

6

9. At said time and place, the grill was in substantially the same condition as when designed, installed, manufactured, supplied, assembled, maintained and/or constructed, and was being used in a manner that was foreseeable.

10. Defendants negligently and/or wantonly designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the subject grill.

11. Defendants knew or in the exercise of reasonable care should have known that the grill was unreasonably dangerous to the human body when being used in a foreseeable manner and would not prevent the Plaintiff or others from being injured.

12. Defendants negligently and/or wantonly designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill.

13. Defendants, prior to July 4, 2021, designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed the grill and should have done so to prevent injury to the Plaintiff and others.

14. At the time and place of the incident made the basis of this Complaint, the grill was in substantially the same condition as when designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed by defendant, and was being used by the Plaintiff in a manner that was foreseeable to the defendants.

15. Defendants knew or in the exercise of reasonable care should have known that the grill was unreasonably dangerous to the human body when being used in a foreseeable manner and did not contain proper parts and component parts to prevent the Plaintiff or others from being injured.

16. Defendants negligently and/or wantonly failed to exercise reasonable care to make the grill reasonably safe for the use and purpose for which it was intended; and negligently and/or wantonly failed to warn and instruct, or inadequately failed to warn or instruct the ultimate user of the said grill of the danger(s) to the human body; and negligently and/or wantonly designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed said grill in an unreasonably dangerous condition; and negligently and/or wantonly failed to design, manufacture, install, construct, assemble, maintain, supply, sell, and/or distribute said grill with reasonable

safety protective devices to guard against the type of injuries received in the subject accident by Plaintiff; and negligently or wantonly designed or failed to design, manufactured or failed to manufacture, installed or failed to install, constructed or failed to construct, assembled or failed to assemble, maintained or failed to maintain, supplied or failed to supply, sold or failed to sell, and/or distributed or failed to distribute said grill in such a manner that when said grill was used in a reasonably foreseeable manner it resulted in serious injury to the Plaintiff.

17. The Defendants' conduct was negligent/wanton and/or reckless and such negligent/wanton/ and/or reckless conduct was the proximate cause of the Plaintiff's injuries. Defendants' conduct was a conscious disregard for the safety of the Plaintiff and others using the grill. The Defendants' conduct rises to a level of willfulness which warrants the imposition of punitive damages.

18. The Defendants' conduct was negligent and/or wanton and such wrongful acts or omissions were the proximate cause of the Plaintiff's injuries.

19. Defendants' aforesaid negligent and wanton acts or conduct combined and concurred to cause or contributed to cause Plaintiff's injuries.

20. Defendants are jointly, separately and severally liable as a result of the combining and concurring wrongful conduct of each Defendant, including fictitious defendants, as set out herein above.

21. Plaintiff further avers that he was caused to be injured and damaged as a proximate consequence of the negligence and/or wantonness and/or willfulness of the fictitious party defendants as set forth in the style of this complaint in addition to the named Defendants. All defendants, fictitious and named, are jointly and severally responsible for Plaintiff's injuries and damages.

22. As a result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, including fictitious defendants, Plaintiff was injured and damaged as follows:

(a) Plaintiff suffered injuries, including past, present, and permanent injury, in and about his body.

8

(b) Plaintiff incurred, and will incur in the future, sums of money in the nature of medical, doctor, hospital, drug and other expenses for treatment of his injuries.

(c) Plaintiff suffered, and will suffer in the future, physical pain, emotional distress, and mental anguish as a result of his injuries.

(d) Plaintiff was caused and will continue to lose time from his employment.

(e) Plaintiff has incurred lost wages, past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for an amount of compensatory and punitive damages above the jurisdictional requirements of this Court, together with interest from the date of the injury and costs of this proceeding.

## COUNT II

### Failure to Warn

23. Plaintiff adopts and realleges all previous paragraphs of this complaint as if fully set out herein.

24. Defendants did negligently or wantonly fail to provide adequate warnings to the Plaintiff of the unreasonably dangerous condition of the grill.

25. Defendants knew, or in the exercise of reasonable care should have known, of the said defective nature and dangerous propensities of the grill and were under a duty to warn potential users, including Plaintiff of this danger. The grill came with no instructions or warnings about the sharp and unguarded edges which caused Plaintiff's injuries.

26. The foregoing wrongful conduct of the Defendants was the proximate cause of Plaintiff's injuries.

27. As a result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, including fictitious defendants, Plaintiff was injured and damaged as follows:

(a) Plaintiff suffered injuries, including past, present, and permanent injury, in and about his body.

9

(b) Plaintiff incurred, and will incur in the future, sums of money in the nature of medical, doctor, hospital, drug and other expenses for treatment of his injuries.

(c) Plaintiff suffered, and will suffer in the future, physical pain, emotional distress, and mental anguish as a result of his injuries.

(d) Plaintiff was caused and will continue to lose time from his employment.

(e) Plaintiff has incurred lost wages, past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for an amount of compensatory and punitive damages above the jurisdictional requirements of this Court, together with interest from the date of the injury and costs of this proceeding.

## COUNT III

## Alabama Extended Manufacturer's Liability Doctrine

28. Plaintiff adopts and realleges all previous paragraphs of this complaint as if fully set out herein.

29. Defendants designed, manufactured, installed, constructed, assembled, maintained, supplied, sold, and/or distributed into the stream of commerce the grill which Plaintiff was using at the time of the incident made the basis of Plaintiff's Complaint.

30. At the time of the subject incident, Plaintiff was making a reasonable, foreseeable and expected use of the grill.

31. The grill caused or contributed to cause Plaintiff's injurie in at least the following (without limitation or exclusion) ways: the grill was inadequately guarded and/or labeled, exposing anyone using it, attempting to use it, or installing it to an unreasonable and unnecessary risk of injury.

32. At all times complained of herein, the grill manufactured, designed, constructed, assembled, supplied, sold, and/or distributed into the stream of commerce by Defendants was defective and unreasonably dangerous under the Alabama Extended Manufacturer's Liability Doctrine.

10

33. At all times complained of herein, said grill was in substantially the same condition as at the time the item was purchased and had not been substantially or materially altered.

34. As a proximate consequence of the defective nature of said grill, Plaintiff was injured as described above.

35. As a result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, including fictitious defendants, Plaintiff was injured and damaged as follows:

    (a) Plaintiff suffered injuries, including past, present, and permanent injury, in and about his body.

    (b) Plaintiff incurred, and will incur in the future, sums of money in the nature of medical, doctor, hospital, drug and other expenses for treatment of his injuries.

    (c) Plaintiff suffered, and will suffer in the future, physical pain, emotional distress, and mental anguish as a result of his injuries.

    (d) Plaintiff was caused and will continue to lose time from his employment.

    (e) Plaintiff has incurred lost wages, past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for an amount of compensatory and punitive damages above the jurisdictional requirements of this Court, together with interest from the date of the injury and costs of this proceeding.

## COUNT IV

### Breach of Implied Warranty of Merchantability

36. Plaintiff adopts and realleges all previous paragraphs of this complaint as if fully set out herein.

37. Defendants sold or otherwise distributed into the stream of commerce the grill the subject of this lawsuit.

38. The grill was used for the ordinary purposes for which such product was intended and used.

11

39. The grill was defective, or unmerchantable and was not fit for the ordinary purposes for which such product was used or intended.

40. Defects in the grill proximately caused Plaintiff's injuries.

41. As a result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, including fictitious defendants, Plaintiff was injured and damaged as follows:

    (a) Plaintiff suffered injuries, including past, present, and permanent injury, in and about his body.

    (b) Plaintiff incurred, and will incur in the future, sums of money in the nature of medical, doctor, hospital, drug and other expenses for treatment of his injuries.

    (c) Plaintiff suffered, and will suffer in the future, physical pain, emotional distress, and mental anguish as a result of his injuries.

    (d) Plaintiff was caused and will continue to lose time from his employment.

    (e) Plaintiff has incurred lost wages, past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for an amount of compensatory and punitive damages above the jurisdictional requirements of this Court, together with interest from the date of the injury and costs of this proceeding.

## COUNT V

### Combining and Concurring Conduct

42. Plaintiff adopts and realleges all previous paragraphs of this complaint as if fully set out herein.

43. Plaintiff was injured as a proximate and foreseeable result of the combining and concurring conduct of all named and fictitious Defendants.

44. Plaintiff's injuries and damages were and are the proximate and foreseeable result of the combining and concurring acts of all named and fictitious Defendants.

45. As a result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, including fictitious defendants, Plaintiff was injured and damaged as follows:

(a) Plaintiff suffered injuries, including past, present, and permanent injury, in and about his body.

(b) Plaintiff incurred, and will incur in the future, sums of money in the nature of medical, doctor, hospital, drug and other expenses for treatment of his injuries.

(c) Plaintiff suffered, and will suffer in the future, physical pain, emotional distress, and mental anguish as a result of his injuries.

(d) Plaintiff was caused and will continue to lose time from his employment.

(e) Plaintiff has incurred lost wages, past and future.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against all named and fictitious Defendants, jointly and severally, for an amount of compensatory and punitive damages above the jurisdictional requirements of this Court, together with interest from the date of the injury and costs of this proceeding.

### JURY DEMAND

**Plaintiffs demand a trial by struck jury on all issues so triable.**

RESPECTFULLY SUBMITTED:

*/s/    Elizabeth H. Shaw*
ELIZABETH H. SHAW (SHA051)
Attorney for Plaintiff
SHAW FAMILY LAW LLC
2924 Crescent Avenue
Birmingham, AL 35209
Telephone: (205) 871-9550
Fax: (205) 871-9549
Email: elizabeth@shawfamilylawyers.com

*Of Counsel:*
SHAW FAMILY LAW LLC
2924 Crescent Avenue
Birmingham, AL 35209
(205) 871-9550

**PLAINTIFF'S ADDRESS**

Daniel Bridges

**SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL:**

Old Country BBQ Pits
6700 Santa Maria Ave.
Laredo, TX 78041

Mason Dixon BBQ Services
1546 Buchanan Trail E
Shady Grove, PA 17256

Buc-ee's Alabama II, LLC, Buc-ee's Alabama, LLC and Buc-ee's, Ltd.
c/o CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

14